# EXHIBIT B

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
RISE DEVELOPMENT PARTNERS, LLC, RISE CAPITAL,
LLC., RISE CAPITAL US, LLC., RISE CONCRETE LLC.,
LAWRENCE RAFALOVICH AND BARRY CALDWELL,

Index No.:
Date Purchased:

**SUMMONS**

Plaintiffs,

-against-

SIGNATURE BANK, SIGNATURE FINANCIAL
LLC., SIGNATURE SECURITIES GROUP CORP.,
SIGNATURE PUBLIC FUNDING CORP.
                                        Defendants.
-------------------------------------------------------------------X

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, NY
        January 29, 2021

Yours, etc.,

_____
LAW OFFICES OF WILLIAM PAGER
Attorneys for Plaintiffs
RISE DEVELOPMENT PARTNERS, LLC, RISE
CAPITAL, LLC., RISE CAPITAL US, LLC., RISE
CONCRETE LLC., LAWRENCE RAFALOVICH
AND BARRY CALDWELL
203-205 Kings Highway
Brooklyn, New York 11223
718-998-1010
Our File No.: 4132

TO:     SIGNATURE BANK
        565 Fifth Avenue, 12th Floor
        New York, NY 10017

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

SIGNATURE PUBLIC FUNDING CORP.
565 Fifth Avenue
New York, NY 10017

SIGNATURE FINANCIAL LLC.
225 BROAD HOLLOW ROAD
MELVILLE, NY 11747

SIGNATURE SECURITIES GROUP CORP.
225 BROAD HOLLOW ROAD
MELVILLE, NY 11747

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
RISE DEVELOPMENT PARTNERS, LLC, RISE CAPITAL,
LLC.,  RISE CAPITAL US, LLC., RISE CONCRETE LLC.,
LAWRENCE RAFALOVICH AND BARRY CALDWELL,                    **COMPLAINT**

                              Plaintiffs,               Index No.:

                 -against-

SIGNATURE   BANK, SIGNATURE FINANCIAL
LLC., SIGNATURE SECURITIES GROUP CORP.,
SIGNATURE PUBLIC FUNDING CORP.
                           Defendants.
-----------------------------------------------------------------------X

      Plaintiffs, **RISE DEVELOPMENT PARTNERS, LLC, RISE CAPITAL, LLC.,  RISE**

**CAPITAL US, LLC., RISE CONCRETE LLC., LAWRENCE RAFALOVICH AND BARRY**

**CALDWELL** by their attorneys, **LAW OFFICES OF WILLIAM PAGER**, complaining of the

Defendants, respectfully allege, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

      1.     This action is for damages against the defendants  SIGNATURE  BANK, Signature

Financial LLC., Signature Securities Group Corp., Signature Public Funding Corp. (Signature, or

Signature Bank, hereinafter) who had failed utterly at their duties and obligations, as described more

fully below.

      2.     The results were catastrophic and lead to the damages suffered by the Plaintiffs herein.

      3.     The Plaintiffs herein were SIGNATURE BANK customers, where they have enticed

and duped into a series of wrongful transactions, by SIGNATURE BANK, and their employee,

personal manager, DARSHINI "DONNA" MAHADEO, involving but not limited to borrowing

money and lending money, which led to the Plaintiffs' suffering financial losses and being otherwise

harmed by negligent, criminal, fraudulent, and other conduct relating to damages incurred by

Plaintiffs through a long-running, multi-party fraud, and other wrongful acts by the defendants

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

SIGNATURE BANK and their agents servants and/or employees, including but not limited to DARSHINI DONNA MAHADEO.

4.   That the defendants SIGNATURE BANK's actions and omissions were intentional and wrongful. At the very least, Defendants were negligent and had neither appropriately discovered, nor alerted Plaintiffs to these wrongful acts, negligent, criminal and/or fraud; to the contrary, they assisted with this reprehensible conduct, upon information and belief.

5.   Defendants in this action served the plaintiffs in many roles for the plaintiffs and many other parties and non parties: as bankers, lenders, financial and business advisors, and, ultimately, as trusted fiduciaries of the Plaintiffs herein, both as individuals and on behalf of the Corporate Plaintiffs.

6.   Defendants, acting as trusted fiduciaries and professionals to Plaintiffs herein, enabled and assisted the criminal, fraudulent and other improper conduct committed by the responsible parties and non parties.

7.   Plaintiffs were relying on Defendants to act properly in their capacity as bankers, lenders and financial advisors and to meet their responsibilities, in order for the Plaintiffs to function properly in banking, lending/borrowing and financial matters.

8.   Defendants knew that Plaintiffs were relying upon Defendants for these professional services, at the relevant times, continuously and solely.

9.   Nevertheless, and to tragic results for Plaintiffs, Defendants, in this action, aided and abetted numerous instances of negligence, fraud and other business torts and crimes. This included, without limitation, giving advice and assisting with the actions of the responsible parties and non parties, assisting and facilitating the loans, borrowing and lending, as well as misleading Plaintiffs.

10.   Alternatively, Defendants knew or should have known of the fraudulent practices that were the subject of the crimes and torts being committed on their premises and through their internal systems, and by their agents, servants and employees.

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

11.   Courts have stated that that banks, such as the Defendants SIGNATURE BANK owe a duty of care to their customers. Defendants breached multiple duties of care, loyalty, diligence, among others owed to Plaintiffs.

12.   Defendants breached their professional duties, common law duties, and agreements, inter alia, with Plaintiffs in the care, manner and procedures used to provide professional services.

13.   Defendants violated a tort duty requiring the exercise of due care in, among other things, collecting, processing and adequately verifying loan information and/or underwriting criteria so as to avoid the making of loans sufficiently foreseeable to result in financial injury.

14.   That under these facts and circumstances, as presented here, it was foreseeable that, recommending, originating or underwriting loans for which the the parties and non parties were not financially qualified, would generate concrete harm.

15.   Defendants made misrepresentations to Plaintiffs, upon which Plaintiffs relied to their detriment. These misrepresentations included, without limitation, the thoroughness of the Defendants' work, the standards Defendants would use for their conduct, the Defendants' reliance upon actual data (as opposed to unconfirmed statements or knowingly altered data), and Defendants' numerous statements made in assisting and enabling the acts and omissions complained of herein.

16.   Defendants, made statements to Plaintiffs assuring Plaintiffs of the propriety of the lending and borrowing which had been suggested by the Defendants bank manager, **DARSHINI DONNA MAHADEO**, the potential consequences to Plaintiffs, the methodology for Plaintiffs to follow and conduct themselves in the borrowing and lending, and even advised as to multiple aspects of financial and investment advice.

17.   These statements and assurances were in many instances false, wrongful or were used to manipulate Plaintiffs and to hide the actual consequences, the risks, the wrongful and/or negligent deeds, the fraud and loss of money which ensued.

18.   In short, had Defendants acted properly, none of the foregoing damages would have

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

occurred Defendants utterly failed in their obligations to Plaintiffs.

## THE PARTIES

19.    That at all times hereinafter mentioned, the plaintiff **RISE DEVELOPMENT PARTNERS, LLC**. was a corporation duly organized under the laws promulgated in the State of New York.

20.    That at all times hereinafter mentioned, the plaintiff **RISE DEVELOPMENT PARTNERS, LLC.** maintained an office for business at 430 3rd Avenue Brooklyn NY 11215.

21.    That at all times hereinafter mentioned, the plaintiff **RISE CAPITAL, LLC,** was a corporation duly organized in the State of New York.

22.    That at all times hereinafter mentioned, the plaintiff **RISE CAPITAL, LLC,** maintained office for business in 430 3rd Avenue Brooklyn NY 11215.

23.    That at all times hereinafter mentioned, the plaintiff **LAWRENCE RAFALOVICH** was a principal of **RISE DEVELOPMENT PARTNERS, LLC**. and **RISE CAPITAL LLC.**, with a residence in Brooklyn, New York.

24.    That at all times hereinafter mentioned, the plaintiff **BARRY CALDWELL** was a principal of **RISE DEVELOPMENT PARTNERS, LLC.** and **RISE CAPITAL LLC.**, with a residence in Brooklyn, New York.

25.    That at all times mentioned herein, Defendant **SIGNATURE BANK** is a New York-based full-service commercial bank with various private client offices throughout the New York, Connecticut, California, and North Carolina.

26.    Upon information and belief, **SIGNATURE BANK**, was and is a corporation licensed to do business in New York State, with, a principle business address located at 261 Madison Avenue, New York New York 10016, as well as various branch offices in the Kings County, New York, including Court Street, Third Avenue and New Utrecht Avenue.

27.    That, upon information and belief, the Defendant **SIGNATURE BANK** focused upon

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

and targeted a market niche, consisting of privately owned businesses, their owners, and senior managers, such as the Plaintiffs in this action.

28.    That the Defendant **SIGNATURE BANK** formed a number of subsidiaries, **SIGNATURE FINANCIAL LLC., SIGNATURE SECURITIES GROUP CORP., SIGNATURE PUBLIC FUNDING CORP.** including the defendants; **Signature Securities Group Corporation**, a wholly owned bank subsidiary, as a licensed broker-dealer, investment adviser and member of FINRA and SIPC, offering investment, brokerage, asset management and insurance products and services; as well as the defendants **SIGNATURE BANK'S FUND BANKING DIVISION** to provide financing and banking services to the private equity industry; as well as the **VENTURE BANKING GROUP,** to serve venture capital firms and the portfolio companies in which they invest. (Henceforth, all of these **SIGNATURE BANK** defendants shall be referred to as such)

29.    That at all times herein mentioned, the **SIGNATURE BANK** defendants, were and remain a financial institution that was and is licensed to issue loans, lend money, or otherwise assist individuals and business with the opportunity and the means for its customers (including the plaintiffs herein) to obtain finance, receive and be provided with reputable and fair  banking and investment service, and conduct banking and business transactions conducted in a manner to protect customers (including the plaintiffs herein).

30.    That at all times herein mentioned, the above named defendants had hired, trained, supervised and retained an servant, agent and/or employee named Darshini "Donna" Mahadeo in a capacity of a "relationship manager".

31.    That at all times herein mentioned, the above named defendants had held said Darshini "Donna" Mahadeo as an employee of the defendants, charged and empowered with the full authority of the defendant **SIGNATURE BANK**.

32.    That the defendant **SIGNATURE BANK** had empowered and clothed said Darshini

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

"Donna" Mahadeo with the authority and the responsibility to perform various banking services and duties, including to attract and bring in new customers; Aid customers in opening, managing and optimizing their bank accounts and other related products; Pursue leads and potential customers to expand services and products offered; Recommending and explaining banking services and products to clients based on their needs; Managing client bank accounts, including opening and closing accounts, and overseeing transactions; Presenting and selling banking services and products to existing and prospective clients; Referring clients to in-house financial experts and/or relevant bank departments, such as mutual funds, and trust management, when necessary; Preparing documentation to open or close accounts, including obtaining signatures, and assigning account numbers, when necessary; Processing applications for credit cards, safe deposit boxes, and loan requests; Verifying bank account details upon client request; Discussing bank policies and procedures and any changes affecting policies and procedures, with clients; Resolving client queries and complaints; Performing administrative duties, such as data entry, as needed

33.    That the aforementioned defendant **SIGNATURE BANK** had represented to new and existing customers, including the plaintiffs herein, that said **DARSHINI "Donna" Mahadeo** had the **SIGNATURE BANK**'s actual authority to perform all of the above referenced and other banking functions on behalf of **SIGNATURE BANK**.

34.    That the aforementioned defendant **SIGNATURE BANK** had represented to new and existing customers, including the plaintiffs herein that said DARSHINI "Donna" Mahadeo had the **SIGNATURE BANK**'s apparent authority to perform all of the above referenced and other banking functions on behalf of **SIGNATURE BANK**.

35.    That the aforementioned defendant **SIGNATURE BANK**, through various words, expressions and/or conduct of **SIGNATURE BANK**, its agents, servants and employees, which they had communicated, gave rise to the appearance and belief that the **DARSHINI "DONNA" MAHADEO** possessed the authority to enter into the various acts, omissions and transactions which

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 502685/2021

RECEIVED NYSCEF: 02/03/2021

are complained of herein.

36.    That the aforementioned defendant **SIGNATURE BANK**, through various words, expressions and/or conduct of **SIGNATURE BANK**, its agents, servants and employees, which they had communicated, gave rise to the appearance and belief that the acts, transactions and omissions, including those complained of herein, which had been done by their relationship manager **DARSHINI "DONNA" MAHADEO** and other **SIGNATURE BANK** agents servants and employees, were being done in course of and within the scope of the defendants **SIGNATURE BANKS** duties and obligations towards their customers, and were being appropriately supervised, managed and approved of by the **SIGNATURE BANK** defendants .

37.    That based upon the above referenced words, expressions and/or conduct by the **SIGNATURE BANK**, the plaintiffs had reasonably relied upon the appearance of authority by **DARSHINI "DONNA" MAHADEO**.

38.    That the aforementioned **DARSHINI "Donna" Mahadeo** had the actual and/or the apparent authority to bind the **SIGNATURE BANK**'s and to perform all of the above referenced and other banking functions on behalf of **SIGNATURE BANK, as** well as the acts and omissions complained of herein.

### THE EVENTS UNDERLYING THE INSTANT COMPLAINT

39.    That at some point believed to be in or about May of 2018, the Plaintiffs had been introduced to and had met with the representatives, agents, servants and/or employees of the defendants **SIGNATURE BANK,** including but not limited to **DARSHINI "DONNA" MAHADEO**.

40.    That during that first meeting and thereafter, the Plaintiffs were assured by the **SIGNATURE BANK** and its various representatives, agents, servants and employees that the **SIGNATURE BANK** was very interested in forming an in-depth and a comprehensive banking relationship with the Plaintiffs, whereby the Plaintiffs would be accepted into a "family"-type

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

professional relationship.

41.    That the **SIGNATURE BANK** had represented to the Plaintiffs' that the **SIGNATURE BANK** would endeavor to facilitate, and to meet all of the Plaintiff's banking and financial needs, and **SIGNATURE BANK** offered to the Plaintiffs various banking services, which include to aid the Plaintiffs, as the BANK customers, in meeting the Plaintiff's financial needs, including to apply for and obtain lines of credit and loans; open, manage and optimize their bank accounts, loans, lines of credit, financing and other related products; Pursue leads on behalf of the Plaintiffs to expand various banking services, loans, lines of credit and other such various products offered; That the BANK would recommend and explain banking services and products to the Plaintiffs based on the Plaintiffs' needs; That the Bank would manage Plaintiff's bank accounts, loans, lines of credit and open and close accounts, obtain and provide loans, lines of credit and oversee banking transactions; Present, facilitate and provide banking services, loans, lines of credit and such products to the Plaintiffs and other existing and prospective clients; refer the Plaintiffs to financial experts and/or relevant financing companies, underwriting, bank departments, and other such entities, to obtain lines of credit and/or financial loans, when necessary; Prepare documentation to apply for loans, lines of credit, open or close accounts, including obtaining signatures, and assigning account numbers, when necessary; Process applications for lines of loans, credit, loans safe deposit boxes, and such; Verifying banking and financial services information, as well as bank account details upon client request; Discussing bank policies and procedures and any changes affecting policies and procedures, with clients; Resolving client queries and complaints; Performing administrative duties as needed

42.    That Signature Bank represented to, and assured the Plaintiffs that Signature Bank's elite private client group membership will allow the Plaintiffs to have a single point of contact–through this Private Client Group, as well as through their personal manager, DARSHINI "DONNA" MAHADEO –for all of the Plaintiffs banking, investing, underwriting, borrowing and lending and

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

other such banking and financing needs.

43.    That the Signature Bank represented to, and assured the Plaintiffs that the Plaintiffs will enjoy access to a wide range of business and personal banking products and services, as well as financing, loans, investment, brokerage, wealth management, and insurance products and services through the Signature Banks various financing companies, institutions, subsidiaries and associated financial, loans, credit and other such business entities.

44.    That the Signature Bank represented to, and assured the Plaintiffs that the Signature Bank's banking and financial advice, including the various professional recommendations of the Signature Bank and its agents, servants and employees would be professionally made, reasonably prudent, based upon expert opinion, would be screened and investigated, and would have been presented to the Plaintiff's only after having been previously checked, analyzed, vetted, assessed, evaluated and presented to the Plaintiffs in a prudent manner and consistent with the Plaintiffs actual business and financial interests.

45.    That based upon the **SIGNATURE BANKS** representations and assurances, the plaintiffs had been induced to and had agreed to enter into this professional banking relationship with the **SIGNATURE BANK** and their agents, servants and employees, including **DARSHINI "DONNA" MAHADEO**.

46.    That the plaintiffs had entered into a contractual agreement with the **SIGNATURE BANK** and had formed a professional banking relationship, whereby the defendants agreed to provide banking services as well as financial advice for aspects of the plaintiffs business needs, including but not limited to obtaining lines of credit, and facilitating lending, borrowing and investing money.

47.    That the aforementioned **SIGNATURE BANK** and **DARSHINI "DONNA" MAHADEO** had recommended and induced the Plaintiffs' to enter into a professional banking/financial relationship with a business entity called **HK CAPITAL, LLC.**, and its principal,

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 502685/2021

RECEIVED NYSCEF: 02/03/2021

agent, servant and/or employee **Yanis Kostis** and **Alexis Hatzopoulos**.

48.   That as a result of and relying upon the inducement, the recommendation and advice as well as the representations and the assurances of **SIGNATURE BANK**, its agents servants and employees including **DARSHINI DONNA MAHADEO**, the Plaintiffs entered into a contractual agreement, or a number of agreements, with **HK CAPITAL, LLC**, which were facilitated and managed by **SIGNATURE BANK**, its agents servants and employees including **DARSHINI DONNA MAHADEO.**

49.   That pursuant to these agreements, the Plaintiffs had been extended and provided with various loan(s) and/or lines of credit.

50.   That the terms and conditions of the loan(s) extended to the Plaintiffs were usurious, unjust and contrary to the laws of the State of New York, as well as contrary to the terms and conditions of similar loans extended by similar banks, financial lenders, companies and institutions.

51.   That the terms and the conditions of the loans and/or lines of credit extended to the Plaintiff were usurious pursuant to GOL §5-501 because the interest rate charged is was above the rate allowable under the General Obligations Law, as well as NY CLS Bank § 14-a and other such applicable laws.

52.   That the Plaintiffs were also charged and the Plaintiffs were caused to pay various associated underwriting, processing fees and payments, which had been unnecessary, were contrary to the laws in the State of New York.

53.   That all of the involved processes were purported to have been, or were supposed to be verified, assessed, analyzed, facilitated, managed, operated, accomplished, done and performed by **THE SIGNATURE BANK**, its agents servants and employees including but not limited to **DARSHINI DONNA MAHADEO**, on the premises of the BANK, and through the **SIGNATURE BANKs** internal systems and under the auspices of the **SIGNATURE BANK.**

54.   That the defendants **THE SIGNATURE BANK** and **DARSHINI DONNA**

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

**MAHADEO** had represented to the Plaintiffs and assured the Plaintiffs that the lending and the borrowing, as well as the terms of the loans, costs and fees were entirely legal, proper and in the best financial interests of the Plaintiffs.

55.    That only based upon the representations and the assurances of **THE SIGNATURE BANK** and **DARSHINI DONNA MAHADEO** the plaintiffs relied upon, and had been induced to, and did enter into the above described agreements and transactions.

56.    That in or about July 19, 2019, **THE SIGNATURE BANK,** and its agent servant and/or employee **DARSHINI "DONNA" MAHADEO** approached the Plaintiffs with a financial proposal, presenting this proposal as a financial investment opportunity available to the Plaintiffs as trusted members of the **SIGNATURE BANK** family of private clients.

57.    The **SIGNATURE BANK** and **DARSHINI DONNA MAHADEO** had represented that another **SIGNATURE BANK** client, **ATLANTIC CONSTRUCTION CO., LLC**. and its principal, **LOUIS GUADAGNO** required a loan in the amount of two hundred eighty five thousand dollars ($285,000.00).

58.    The **SIGNATURE BANK** and **DARSHINI DONNA MAHADEO** had represented that **ATLANTIC CONSTRUCTION CO, LLC** and **LOUIS GUADAGNO** had been screened, vetted and approved by the underwriters at The **SIGNATURE BANK** and **DARSHINI DONNA MAHADEO** and they qualified for this loan.

59.    The **SIGNATURE BANK** and **DARSHINI DONNA MAHADEO** further represented to the Plaintiffs that it would be in the Plaintiff's financial interest to extend this loan to the **ATLANTIC CONSTRUCTION CO, LLC** and **LOUIS GUADAGNO** under the terms and conditions negotiated, approved and set forth by The **SIGNATURE BANK** and **DARSHINI DONNA MAHADEO.**

60.    That based upon the representations and the assurances extended by The **SIGNATURE BANK** and **DARSHINI DONNA MAHADEO,** the Plaintiffs were induced to and did enter into a

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

written agreement with **ATLANTIC CONSTRUCTION CO, LLC** and **LOUIS GUADAGNO** on July 19 2019.

61.   That all of the involved transactions, communications, analysis, money transfers, and the related processes were purported to be, or were supposed to be verified, assessed, analyzed, facilitated, managed, operated, accomplished, done and performed by **THE SIGNATURE BANK**, its agents servants and employees including but not limited to **DARSHINI DONNA MAHADEO**, through the **SIGNATURE BANKs** internal banking  computer system.

62.   That the loan extended by the Plaintiffs to **ATLANTIC CONSTRUCTION CO,** LLC and to **LOUIS GUADAGNO** was not paid back and that **ATLANTIC CONSTRUCTION CO, LLC** and **LOUIS GUADAGNO** had breached the agreement and had defaulted on the loan, without paying the Plaintiffs the moneys owed.

63.   As a result, the Plaintiffs were caused to sustain significant money damages, as set forth herein.

64.   The Defendants broke their agreements, and ignored their own professed professionalism, professional obligations, the terms of their agreements with the Plaintiffs, as well as their representations to Plaintiffs.

65.   The Defendants - in breach of their contractual duties, fiduciary duties, and in violation of the law -failed to properly conduct themselves with respect to their clients, the Plaintiffs and others involved, and, thereby, caused, enabled and / or assisted the damages suffered by Plaintiffs.

66.   Upon information and belief, Defendants knew or ought to have known that false or misleading statements, and wrongful improper advice and direction were being generated and distributed to Plaintiffs.

67.   The Defendants owed duties of fair dealing, fiduciary duties, and duties to properly and accurately provide professional services to Plaintiffs.

68.   Defendants owed a duty to Plaintiffs to exercise that degree of skill and care generally

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

exercised in their respective professions and industry.

69.    Defendants had an obligation to observe generally accepted banking, loans and financial

industry principles and generally accepted standards in performing related work.

70.    Defendants failed to fully and properly perform duties and to fully exercise the proper

professional responsibility and care owed to Plaintiffs in that these defendants inter alia provided

erroneous and inadequate financial advice vis a vis the loans and lines of credit which had been

extended to the Plaintiffs and which the Plaintiffs were, eventually, caused to extend to others.

71.    The Defendants had acted and/or failed to act, despite having contrary knowledge of

conduct and practices that should have alerted them that such advice, directions and facilitation of

loans were not in the best interest of the Plaintiffs, and would lead to the damages sustained by the

Plaintiffs

72.    Defendants failed to act reasonably and effectively in their roles in, inter alia, in

providing the banking and the financial services, in providing the reasonably appropriate advice and

direction to the Plaintiffs; in properly arranging loans and lines of credit; in failing to prevent the

solicitation, the arranging and facilitating of improper, usurious and unsafe loans between bank

customers; in failing to perform appropriate underwriting and in uncovering the true financial

condition and activities of the entities and individuals involved, in failing to discover (or choosing to

hide) improper transactions (including arranging and facilitating loans, withdrawing and depositing

money between BANK accounts, etc.) and other such improper and wrongful activity which was

taking place, failed to identify, monitor, prevent or report the wrongful activity at issue, and failing to

identify, prevent, monitor or report that financial advice and direction, as well as the arranging and

facilitation of loans was wrong, improper, false, inaccurate, incomplete and/or misleading and, above

all, a departure from generally accepted banking, lending and financial industry principles and

standards.

73.    Defendants **THE SIGNATURE BANK** knew or should have known that the services,

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

advice and direction as well as the financial information and documents given to the Plaintiffs were improper, materially false, incomplete and misleading, and that their review, advice and professional services would be relied upon by Plaintiffs without question, upon information and belief.

74.   That the Defendants intentionally and/or negligently refused to, and/or failed to perform their jobs (indeed, upon information and belief, actively assisted), thereby assisting the involved parties to take advantage of the Plaintiffs.

75.   Defendants failed to timely apprise the Plaintiffs, and to reveal to the Plaintiffs in accordance with their professional obligations, if applicable, that the advice, the direction, the financial information and statements based thereupon distributed to Plaintiffs were improper, unlawful, incomplete, false and misleading.

76.   That the Defendants intentionally and/or negligently failed to perform their duties or assisted in misinforming or covering up certain facts, knowing that Plaintiffs would be harmed as a direct result of their actions or cover ups.

77.   Upon information and belief, Defendants **THE SIGNATURE BANK** had ignored, failed to uncover and to identify (and/or assisted in hiding) the aforementioned facts so as to deceive Plaintiffs and to hide that Defendants had departed from good and accepted banking, financial industry and lending industry practices and, therefore, they are liable to Plaintiffs for allowing and fostering the other parties to overcharge, to collect usurious interest, to loot or misappropriate Plaintiffs' funds.

78.   The Defendants **THE SIGNATURE BANK** knew or should have known that Plaintiffs were relying upon their professional services and would not question Defendants.

79.   Upon information and belief, Defendants did not timely or properly inform the Plaintiffs of a number of pertinent facts, vis a vis lending and/or borrowing money, loans and/or lines of credit.

80.   As a result of Defendants' wrongful acts and omissions, Plaintiffs were caused to

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 502685/2021

RECEIVED NYSCEF: 02/03/2021

borrow money at usurious interest, as well as to extend loans and the Plaintiffs were harmed as a result.

81.    Defendants knew or ought to have known that many of the individuals and/or entities including HK Capital, Atlantic Construction Co., LLC and other individuals and entities (who were either **SIGNATURE BANK** customers, or involved in such similar relationships, and had been serviced by Defendants in their professional capacity) could not and should not have engaged in extending business loans or lines of credit, and could not and should not have been provided with business loans or lines of credit by the Plaintiffs.

82.    Defendants **THE SIGNATURE BANK** knew or ought to have known that their agents, servants and/or employees including but not limited to DARSHINI DONNA MAHADEO had been soliciting, advising, facilitating and arranging loans and lines of credit between bank customers, including the Plaintiffs, and other individuals and/or entities including HK Capital, Atlantic Construction Co., LLC and other individuals and entities (who were either **SIGNATURE BANK** customers, or involved in such similar relationships, and who had been serviced by Defendants in their professional capacity).

83.    Therefore, Defendants must have had knowledge, or should have had knowledge that the SIGNATURE BANK through its internal banking systems, and through various employees, including DONNA MAHADEO, directly or indirectly, had been soliciting, advising, directing, facilitating and arranging unsafe and usurious loans and lines of credit to the detriment and the losses suffered by the Plaintiffs.

84.    Indeed, upon information and belief, Defendants assisted and enabled DONNA MAHADEO's schemes including by lending the appearance of legitimacy, propriety and safety to the transactions and the loans complained of.

85.    In the course of providing professional services to the Plaintiffs at issue in this Litigation, Defendants were privy to various internal, personal and financial information from which

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

Defendants had knowledge (constructive or otherwise) or ought to have known that the BANK and DONNA MAHADEO were arranging and facilitating loans and the transactions which were wrongful, usurious and not in the best interests of the Plaintiffs.

86.   For example, significant monies were funneled to and from the Plaintiff's SIGNATURE BANK business accounts, by BANK employees, without proper authorization, explanation or auditing.

87.   The **SIGNATURE BANK** employees had sought out, solicited, facilitated and arranged the loans and lines of credit complained of, using the SIGNATURE BANK's internal banking, financial and lending systems and e-mails.

88.   The **SIGNATURE BANK** employees prepared various documents and agreements, in facilitating and arranging the loans and lines of credit complained of.

89.   The **SIGNATURE BANK** employees notarized signatures on various documents and agreements, without the presence of the signatories, without proper authorization, explanation or oversight.

90.   Defendants knew (or ought to have known, in the alternative) of these and similar facts, but intentionally did not inform Plaintiffs of these facts.

### JURISDICTION & VENUE

91.   Venue in Supreme Court, Kings County is appropriate because the Plaintiff's principal place of business is in Kings County.

92.   That the Defendants maintain multiple branches for doing business in the County of Kings.

93.   Defendants' conduct (including, without limitation) their banking, lending, financial, other professional services, such as their aiding and abetting the fraudulent conduct, negligence, and conduct amounting to breach of contract or negligence, which are alleged herein occurred in the State of New York.

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

94.   Defendants, thus, have conducted business within the State, and have significant contacts with New York State and Kings County.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANTS
### NEGLIGENCE & GROSS NEGLIGENCE

95.   The Plaintiffs repeat and reiterate the allegations set forth above, with the same force as though fully described herein.

96.   That the Plaintiffs and the Defendants **THE SIGNATURE BANK** had entered into a contractual relationship as bank customers and the bank, which offered various banking, lending, borrowing services and financial advice.

97.   That the Defendants **THE SIGNATURE BANK** were also negligent, and grossly negligent as described more fully below.

98.   That the Defendants **THE SIGNATURE BANK** owed to all of their customers, including the Plaintiffs a duty of reasonable care to conduct business in a reasonably appropriate manner and had a duty to exercise reasonable skill and care in carrying out its activities for its customers.

99.   That the Defendants **THE SIGNATURE BANK** owed the Plaintiffs a duty of care, independent of the contractual relationship, and beyond the contractual relationship.

100.  That, in addition to the contractual agreement between the Plaintiffs and the Defendants, there was an additional interest in protecting the plaintiffs from other kinds of harm, which had ensued, as described below.

101.  That the Plaintiffs were caused, as a direct result of the **SIGNATURE BANK**'s breach of their duty of care, significant monetary losses and injury derived from "other kinds of harm", i.e., a species of injury attributable to a failure to exercise due care distinct from the obligations set forth in, or impliedly derived from, the parties' written agreements.

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

102.   That the negligence and the gross negligence of the Defendants **THE SIGNATURE BANK** were a proximate cause of the Plaintiffs damages and losses.

103.   That as a result of the Defendants negligence, and gross negligence, the plaintiffs were caused to sustain damages that included paying usurious and improper interest on the loans extended to them, associated and improper charges, costs and fees, as well as the damages sustained in the unreturned loan the Plaintiffs were induced to extend to **ATLANTIC CONSTRUCTION CO., LLC** and **LOUIS GUADAGNO**.

104.   That under the facts presented here, it was foreseeable that recommending, originating or underwriting loans extended from **HK CAPITAL** to the Plaintiffs, would subject the Plaintiffs to terms and conditions which were intolerable, excessive, in violation of the usury laws of the State of New York, and would cause the Plaintiffs to incur money damages, including other associated charges, costs and fees.

105.   That under the facts presented here, it was foreseeable that, recommending, originating or underwriting loans for which the parties and non parties, in particular, **ATLANTIC CONSTRUCTION CO., LLC** and **LOUIS GUADAGNO**, were not financially qualified, would generate concrete harm, money damages, associated charges, fees, costs which had been incurred and suffered by the Plaintiffs.

106.   That, upon information and belief, and beginning on or about the beginning of 2018, and continuing thereafter, Defendants **THE SIGNATURE BANK** undertook to render professional banking and financial services to the public as well as to the individuals involved herein, and in particular the Plaintiffs.

107.   That at all times mentioned herein, Defendant **THE SIGNATURE BANK** represented and otherwise held themselves out that Defendant **THE SIGNATURE BANK** its agents, servants, employees and/or representatives, were competent to perform and render professional and comprehensive banking and financial services.

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

108.  Defendants had represented that the Plaintiffs will become members of the allegedly exclusive "family" of Private Client Group, who were catered to through a "distinctive single-point-of-contact approach", with an individual manager assigned, and had, thereby convinced the Plaintiffs to agree to become **SIGNATURE BANK** customers and to participate in the lending and borrowing schemes described herein.

109.  That the Defendants owed a duty of care to the Plaintiffs, beyond that set forth in the contractual agreement.

110.  Defendants breached their duty of care, and had failed utterly at their banking, lending and financial advice duties, as explained in detail herein.

111.  Defendants also acted as much more than mere bankers, and/or financial advisors and lenders; Rather, they were trusted professionals relied upon by Plaintiffs: continuously offering and providing advice and directing on banking, financing, lines of credit as well as underwriting and other such services to the Plaintiffs and other involved parties, and non parties, and certainly throughout the history of the wrongful, negligent, improper and fraudulent conduct at issue herein.

112.  The Defendants, through their agents servants and/or employees, including but not limited to **DARSHINI "DONNA" MAHADEO** had offered banking and financial advice and business advice, which came to include soliciting, arranging and facilitating loans and lines of credit to the Plaintiffs, through **HK CAPITOL**, and/or other entities, as well as proposing that the Plaintiffs extend credit and make loans to other **SIGNATURE BANK** purportedly approved, "vetted" and "pre-screened" clients, like **ATLANTIC CONSTRUCTION CO., LLC.** and **LOUIS GUADAGNO.**

113.  Shockingly, however, Defendants, **THE SIGNATURE BANK** acting through and with employees, such as **DARSHINI DONNA MAHADEO**, and with other **SIGNATURE BANK** related entities, affiliates, and bank customers, through various negligent and grossly negligent acts and omisssions, which had taken place on the premises owned and operated by **THE SIGNATURE**

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 502685/2021

RECEIVED NYSCEF: 02/03/2021

**BANK**, using the **SIGNATURE BANK** internal systems for records, for transactions, for communications etc., and **THE SIGNATURE BANK** had permitted, allowed, encouraged and enabled the wrongful transactions and conduct at issue by, inter alia, misleading the Plaintiffs, allowing, facilitating, encouraging and assisting the wrongful activities and transactions, at issue, mis-advising the responsible parties and non parties, permitting and allowing the doctoring the financial data and/or underwriting results, to falsely cover up indicia of the fraud and other wrongdoing at issue herein.

114. Moreover, Defendants knew that Plaintiffs were relying upon them completely and solely, and had a history of relying upon them.

115. Defendants took advantage of this continuing situation, allowing Plaintiffs to be preyed upon.

116. Accordingly, Defendants had conflicting loyalties and interests, not to mention were actively, through negligent and grossly negligent acts and omissions, assisting wrongful conduct, fraud, and improper transactions, upon information and belief.

117. Of course, they never disclosed their various negligent and grossly negligent acts, omissions, their improprieties and conflicts to the Plaintiffs, who relied upon Defendants for an accurate, reasonable, sound and properly analyzed lending, borrowing, financial and banking advice and counsel.

118. These improprieties, wrongful acts and omissions and conflicts were undisclosed by Defendants and unknown to Plaintiffs, who relied upon Defendants for accurate and honest professional advice and services continuously, for an extended period of time.

119. The Defendants services included various banking, lending, borrowing and other financial counsel, advice and direction, concerning loans, lines of credit, borrowing and lending money.

120. Defendants knew that Plaintiffs were relying on them for these, and other professional

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

advice and services.

121.  Defendants did not fulfill the fiduciary duties owed to Plaintiffs herein.

122.  Defendants also failed to fulfill their contractual duties owed to Plaintiffs.

123.  Defendants also failed to live up to their professional and fiduciary standards, as mandated under the law.

124.  Defendants failed to disclose conflicting interests they had to the Plaintiffs.

125.  During the entirety of the banking relationship, **THE SIGNATURE BANK'S** wrongful acts and omissions, based upon their misconduct and the misconduct of their manager, **DARSHINI DONNA MAHADEO** was pervasive and highly detrimental to the interests of the Plaintiffs. One among several important examples of **THE SIGNATURE BANK**'s malpractice, negligence and, upon information and belief, aiding and abetting of wrongful and criminal activity involved **DARSHINI DONNA MAHADEO**, who during the relevant period of time was an at-will employee of **THE SIGNATURE BANK** with great responsibilities and access to the **SIGNATURE BANK**'s internal banking computer system and banking accounts of individual bank clients.

126.  That **THE SIGNATURE BANK** knew or in the exercise of professional diligence, responsibility, and/or should have known, that bank employees and bank managers like **DARSHINI DONNA MAHADEO** had no discretionary authority, should not have had the opportunity to, and should not have been permitted to arrange loans and/or lines of credit between individual bank clients, such as the Plaintiffs and **ATLANTIC CONSTRUCTION CO** and **LOUIS GUADAGNO**, or the Plaintiffs and **HK CAPITAL LLC**, and/or others.

127.  That **THE SIGNATURE BANK** knew or in the exercise of professional diligence, responsibility, and/or should have known, that bank employees and bank managers like **DARSHINI DONNA MAHADEO** had no discretionary authority, should not have had the opportunity to, and should not have been permitted to use the internal **SIGNATURE BANK** system to transfer money between accounts, to effectuate and facilitate  loans and/or lines of credit between individual bank

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

clients, such as the Plaintiffs and **ATLANTIC CONSTRUCTION CO** and **LOUIS GUADAGNO**, or the Plaintiffs and **HK CAPITAL LLC**, and/or others through the **SIGNATURE BANK**'s internal system.

128.   **THE SIGNATURE BANK** knew, or should have known, as did **DARSHINI DONNA MAHADEO**, the **SIGNATURE BANK** executive, that **THE SIGNATURE BANK** and **DARSHINI DONNA MAHADEO** were advising, facilitating and arranging loans and similar financial transactions, which were against the interests of their clients, the Plaintiffs and that these loans and transactions were improper, usurious, without adequate protections and analysis for their clients, the Plaintiffs.

129.   All of the wrongful acts, the directions, advice, the facilitating of loans and lines of credit, the money transfers, the diversions and other wrongful acts, and omissions, should have been, but were never, recognized, identified and/or prevented by **THE SIGNATURE BANK** and should have been reported, internally.

130.   Moreover, the defendants **THE SIGNATURE BANK** (and/or **DARSHINI DONNA MAHADEO**) had became involved and/or affiliated with the **ATLANTIC CONSTRUCTION CO. LLC., HK CAPITAL, LOUIS GUADAGNO** and others.

131.   By wrongfully, negligently and/or corruptly utilizing their unauthorized relationship with the aforementioned entities and individuals, the Plaintiffs were caused to be charged usurious interest, fees and various charges, and were caused to sustain money damages in the unreturned loans they extended.

132.   That the Defendants **THE SIGNATURE BANK** were acting and/or failing to act in complete derogation of their professional and contractual obligations.

133.   That the Defendants **THE SIGNATURE BANK** failed adequately to perform the banking and financial services they were required to conduct under generally accepted banking and financial services principles in the banking and financial industry.

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

134. Defendant's conduct through their acts and omissions, was negligent in fulfilling and in failing to fulfill their professional obligations.

## SECOND CAUSE OF ACTION
## NEGLIGENT HIRING, SUPERVISION AND RETENTION

135. The Plaintiffs repeat and re-allege the allegations set forth above as though fully set forth herein.

136. That at all times hereinafter mentioned, Defendant **THE SIGNATURE BANK**, by and through their agents, servants and/or employees, were negligent, careless and reckless in the hiring, retention, supervision and training of their employees for their banking, finance and lending services and in particular **DARSHINI DONNA MAHADEO**, who was, or who should have been under their supervision and control.

137. That at all times hereinafter mentioned, Defendant **THE SIGNATURE BANK** by and through their agents, servants and/or employees were negligent, careless and reckless in permitting the wrongful acts and omissions as described above, to take place on the **SIGNATURE BANK** premises, and utilizing **THE SIGNATURE BANK**'S internal computer, banking, electronic and email communications and banking transaction systems, which should have and did alert **THE SIGNATURE BANK** to the activities, the wrongful acts and omissions.

138. That at all times hereinafter mentioned, defendant **THE SIGNATURE BANK** by and through their agents, servants, and/or employees, was negligent, careless and reckless in the hiring, retention, supervision and training of their agents, servants and/or employees as follows: in failing to take any and all appropriate steps to properly screen the aforesaid persons; in failing to timely terminate employees, in failing to take appropriate steps to prevent the aforementioned and above described occurrences; in causing, allowing and/or permitting dangerous/inept/criminally and wrongly intentioned/incompetent individual(s) to be, remain and exist in a position of responsibility, for which they were not and should not have qualified and which put bank customers, at risk; in

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

improperly training and supervising its employees; in failing to properly screen their employees; in failing to ensure that similar events and occurrences did not happen; in failing to ensure proper processes; in causing and/or suffering, allowing and permitting dangerous/immature/incompetent individual employees, including but not limited to **DARSHINI DONNA MAHEDEO** to be, remain and exist in a position, which may have been or was abused, in a position in which they were not qualified, after notice of same, all of which the defendants, by and through their agents, servants and or employees, had actual and or constructive notice thereof and in general, the defendants still failed to use that degree of care and caution warranted under all the surrounding circumstances.

139. That at all times hereinafter mentioned, defendants, by and through his agents, servants and/or employees, was negligent, careless and reckless in the hiring, retention, supervision and training of their employees for **THE SIGNATURE BANK** and in particular **DARSHINI DONNA MAHADEO**, to provide and extend banking, finance and lending services under their supervision and control.

140. That at all times hereinafter mentioned, defendants, by and through his agents, servants and/or employees, were grossly negligent, careless and reckless in the hiring, retention, supervision and training of their employees for **THE SIGNATURE BANK** and in particular **DARSHINI DONNA MAHADEO**, to provide and extend banking, finance and lending services under their supervision and control.

141. That the **SIGNATURE BANK** had a duty to use reasonable care in the employment, training, and supervision of its employees, agents, personal bankers, managers, special investigation unit investigators, underwriters, claims personnel and staff to find out whether or not their employees were competent to do their work without the danger of harm to others.

142. That the **SIGNATURE BANK** failed in their duty to use reasonable care in that they knew, or should have known, that their employees, agents, personal bankers, managers, special investigation unit investigators, underwriters, claims personnel and staff were incompetent to do

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

their work without danger of harm to others and failed to use reasonable care to correct or remove such employees, agents, special investigation unit investigators, underwriters, and staff.

143. That **THE SIGNATURE BANK** failed in their duty to use reasonable care in that they had knowledge of facts concerning their employees, agents, personal bankers, managers, special investigation unit investigators, underwriters, and staff and that it was foreseeable that such incompetence and wrongdoing would cause harm to others such that would lead a reasonably prudent person to conduct an adequate investigation which could have uncovered the information their employees, agents, personal bankers, managers, special investigation unit investigators, underwriters, and staff and defendants failed to conduct such investigation.

144. That the defendants **THE SIGNATURE BANK** failed in their duty to use reasonable care in their hiring procedures that they had knowledge of facts concerning their employees, agents, personal bankers, managers, special investigation unit investigators, underwriters, claims personnel and staff incompetence and that it was foreseeable that such incompetence would cause harm to others such that would lead a reasonably prudent person to conduct an adequate hiring procedure which could have uncovered the information about its employees, agents, special investigation unit investigators, underwriters, claims personnel and staff and the defendants failed to conduct such a procedure.

145. That all of the Defendants duties extend to the public at large and to foreseeable victims, such as the plaintiffs herein, harm and damages of its negligent hiring and retention of its incompetent employees, agents, personal bankers, managers, special investigation unit investigators, underwriters, claims personnel and staff such as plaintiffs herein and the harm herein that proximately resulted to the plaintiffs due to the Defendants negligence.

146. That but for the **SIGNATURE BANK** breach in their duties to the public at large and to plaintiffs in particular, in their negligent hiring and retention and supervision of their employees, agents, personal bankers, managers, special investigation unit investigators, underwriters, claims

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

personnel and staff, the plaintiffs would not have been harmed by the bank employees,  agents, special investigation unit investigators, managers, personal bankers, underwriters, claims personnel and staff and the Plaintiffs would not have entered and engaged in the lending/borrowing transactions and the agreements described above and would not have sustained losses and damages herein.

147.  That the **SIGNATURE BANKS** breach of its duties caused harm and damages to Plaintiffs and the harm and damages were such that a reasonably prudent person would have foreseen the likelihood of such harm and damages to the Plaintiffs by its employees, agents, bankers, managers, special investigation unit investigators, underwriters, claims personnel and staff.

148.  That Plaintiffs have been injured as a result of the **SIGNATURE BANKS** negligent conduct and/or omissions and demands judgment in the amount of services provided and billed to the **SIGNATURE BANKS** together with statutory and/or common law attorneys fees, costs and disbursement.

## THE THIRD CAUSE OF ACTION
## NEGLIGENCE IN THE DETECTION, INVESTIGATION & PREVENTION OF THE WRONGFUL ACTS

149.  The Plaintiffs repeat and re-allege the allegations set forth above as though fully set forth herein.

150.  The Defendants **THE SIGNATURE BANK**, were negligent and grossly negligent in their allowing the continued wrongful acts and omissions on their premises, and perpetuated by and through their employees, and further negligent in its detection, investigation, and prevention of the wrongful acts and the alleged fraud as outlined in plaintiff's complaint.

151.  That **THE SIGNATURE BANK** was negligent in failing to create and failing to implement an adequate plan for the detection, investigation and prevention of similar wrongful acts and/or fraud.

152.  That **THE SIGNATURE BANK** was negligent in failing to follow an adequate plan

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

for the detection, investigation and prevention of similar wrongful acts and/or fraud.

153. That the **SIGNATURE BANK** was negligent in failing to provide proper and adequate notice to the governmental authorities and to the plaintiffs of any suspicion of wrongful acts and/or fraud.

154. That the **THE SIGNATURE BANK** had a contractual and /or statutory and/or regulatory and/or a common law duty to detect, investigate and prevent the alleged wrongful acts and fraud as outlined in plaintiffs complaint and the **THE SIGNATURE BANK** had a contractual and/or statutory and/or regulatory and/or common law duty to create and follow an adequate plan for the detection, investigation and prevention of fraud.

155. That the **THE SIGNATURE BANK** had a contractual and /or statutory and/or regulatory and/or a common law duty to provide notice to the plaintiffs of any suspected wrongdoing, and/or fraud and willfully, and/or negligently failed to do so in a timely manner.

156. That **THE SIGNATURE BANK** had a contractual and /or statutory and/or regulatory and/or a common law duty to report any suspected fraud to the applicable governmental authorities and willfully, and/or negligently failed to so in a timely manner.

157. That all of **THE SIGNATURE BANK** duties extend to the public at large and to foreseeable victims and foreseeable harm and damages of the alleged fraud such as the plaintiffs and the harm herein that proximately resulted to the plaintiffs due to **THE SIGNATURE BANK** negligence.

158. That the **THE SIGNATURE BANK** breached its duty to the public at large and to the plaintiffs in its willful and/or negligent failure to create, implement and follow an adequate plan for the detection, investigation and prevention of similar wrongful acts and/or fraud.

159. That **THE SIGNATURE BANK** breached its duty to the public at large and to plaintiffs in its willful and/or negligent failure to provide notice to plaintiffs of any suspected wrongdoing and/or fraud in a timely manner.

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

160. That **THE SIGNATURE BANK** breached its duty to the public at large and to the plaintiffs in its willful and/or negligent failure to report any suspected fraud to the applicable governmental authorities and willfully, and/or negligently failed to do so in a timely manner.

161. That but for the **SIGNATURE BANK'S** breach in its duties to the public at large and to plaintiffs in its willful and/or negligent failure to detect, investigate and prevent the alleged wrongful acts and/or fraud as outlined in plaintiff's complaint and its negligent failure to create, implement and follow an adequate plan for the detection, investigation and prevention of wrongful acts and fraud, plaintiffs would not have entered into and engaged in the following borrowing and lending and other acts described herein.

162. That but for **THE SIGNATURE BANK** breach in their duties to the public at large and to plaintiffs in its willful and/or negligent failure to detect, investigate and prevent the alleged wrongful acts and fraud as outlined in plaintiff's complaint and its negligent failure to create, implement and follow an adequate plan for the detection, investigation and prevention of wrongful acts and fraud plaintiffs would not have sustained economic loss and damages.

163. That but for **THE SIGNATURE BANK** breach in its duties to the public at large and to the plaintiffs in its willful and/or negligent failure in its duty to provide notice to plaintiffs of any suspected wrongdoing and/or fraud and willfully, and/or negligent failure to do so in a timely manner, plaintiffs would not have entered into the transactions and engaged in the lending/borrowing described above.

164. That the plaintiffs have been injured as a result of **THE SIGNATURE BANK** willful and/or negligent conduct and/or omissions and demands judgment in the amount of losses and damages sustained, to **THE SIGNATURE BANK** together with statutory and/or common law attorneys fees, costs and disbursements.

**FOURTH CAUSE OF ACTION**
**FRAUD**

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

165. The Plaintiffs repeat and re-allege the allegations set forth above as though fully set forth herein.

166. That, through the affirmative acts of their agents, servants and employees, the Defendants **THE SIGNATURE BANK** had made material misrepresentations of an existing fact or facts.

167. That the Defendants had full awareness and knowledge of the falsity of the misrepresentations made to the Plaintiffs.

168. That the Defendants intended to induce the Plaintiffs to rely upon their representations.

169. That the Plaintiffs had, justifiably, relied upon the misrepresentations by the Signature Bank employees.

170. As a result, the Plaintiffs were caused to sustain damages as described herein.

171. Specifically, the Defendants were instrumental in enabling, and aided and abetted, the misrepresentations and the wrongful actions of **DARSHINI DONNA MAHADEO, ATLANTIC CONSTRUCTION CO., LLC, HK CAPITAL**, and others.

172. Upon information and belief, Defendants assisted in establishing wrongful and fraudulent schemes, facilitating loans and lines of credit, arranging documentation, notarizing signatures,   changing records,, assisted in moving monies to and from **SIGNATURE BANK** accounts of the Plaintiffs and different entities, and, in whole, played a fundamental role in assisting fraudsters and criminals to perpetrate and conceal their activities.

173. Alternatively, Defendants were grossly negligent or failed to take the necessary care in the conduct of their professional duties, upon information and belief.

174. Indeed, Defendants chose to give a superficial appearance of meeting their obligations, all the while, they (assisted or) chose to ignore the reality of the massive fraud and wrongdoing that was being conducted and perpetrated within the **SIGNATORY BANK**'s offices, under the **SIGNATORY BANK** roof and umbrella and through the **SIGNATORY BANK** employees, and

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

internal systems.

175. The Defendants (assisted or) chose to ignore blatant signs of nefarious activity and / or engaged in a massive cover up showing a false patina of proper banking, lending and financial advice.

176. Further, Defendants agreed to use, and were obligated under the law and professionally, to take necessary care and diligence and to comply with generally accepted banking, financial advice and lending principles and standards in their financial advice, banking, lending, underwriting, auditing and providing other such services to the Plaintiffs, give accurate written information, advice and direction with respect to Plaintiffs' borrowing and lending.

177. But Defendants did not live up to their word, and fell far short of the professional standards and responsibilities for bankers, financial advisors and lenders.

178. The Defendants failed utterly, causing the damages sustained by Plaintiffs and allowing the fraud suffered by the Plaintiffs herein.

179. Indeed, Defendants participated in these nefarious activities, upon information and belief.

180. Plaintiffs herein relied upon Defendants to do these very important professional services and render advice to Plaintiffs.

181. Defendants' reputation, experience, qualifications, as well as the circumstances surrounding the provision of banking, lending and financial advice and other such services to Plaintiffs made this reliance reasonable.

182. Defendants' general reputation, as well as their representations to the Plaintiffs made this reliance even more reasonable.

183. Unfortunately, Plaintiffs' reliance though reasonable, resulted in catastrophe, leading to significant monetary losses to the Plaintiffs.

184. The **SIGNATORY BANK** defendants undertook to, inter alia, provide banking,

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

lending, financial advice to their customers, including the Plaintiffs' herein and to verify and advise with respect to the banking, lending, borrowing and financial advice needs of the Plaintiffs in accordance with generally accepted professional banking, lending, borrowing and financial advice standards, including such processes and procedures as were necessary in the circumstances.

185. The Plaintiffs relied upon the professional organization, the advice, the judgment, acumen and integrity of Defendants in the matters they undertook to provide services to the Plaintiffs.

186. Defendants performed their services, for substantial sums in professional fees as consideration, commencing from the beginning of the professional relationship when the Plaintiffs began as **SIGNATORY BANK** customers.

187. During this period of time, Defendants in this litigation had unprecedented and extensive access to the financial, banking and personal data of the Plaintiffs, as well as some or all of the involved and responsible parties and non parties to this Litigation.

188. At all relevant times, Defendants made representations, both verbally and in writing, concerning the thoroughness, quality, and compliance with generally accepted professional standards in their providing of professional services.

189. Plaintiffs trusted and relied upon these representations.

190. Defendants continuously advised and provided a host of professional services, including in the areas of banking, lending, borrowing, etc., to Plaintiffs, and from time to time, entered into numerous agreements with Plaintiffs reaffirming and committing to the professional services they would provide to Plaintiffs and the standard of care they would receive.

191. Defendants had full knowledge and understood that Plaintiffs were relying upon them as valuable and expert source of advice for these subject matters, upon information and belief.

192. The Defendants had contracted to, and undertook to: assist Plaintiffs with the banking, financial advice, borrowing and lending and to provide expert advice as to the proper banking,

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

lending, borrowing, etc., and to underwrite, to prepare, to assess the risk of the borrowing and lending, and certify the accuracy and propriety of the financial documents involved, including, without limitation, those of the Plaintiffs, as well as some of the parties and non parties in the this Litigation.

193.  During the times of the schemes and misdeeds against Plaintiffs, as described in this Complaint, Defendants THE **SIGNATORY BANK** were performing these professional services.

194.  At all relevant times, Defendants knew or should have known of the improper acts alleged in this Litigation, from which the Plaintiffs in this action suffered damages.

195.  Defendants neither prevented, nor mitigated the involved and/or responsible parties and non parties in this Litigation from harming Plaintiffs.

196. To the contrary, Defendants aided and abetted (or alternatively, ought to have discovered and revealed) the responsible parties in this Litigation from harming Plaintiffs including, without limitation: Soliciting the Plaintiffs for the purposes of borrowing and lending money; arranging and facilitating loans at wrongful and usurious terms, Engaging, Participating or assisting in the shuffling of funds between accounts, Participating in or assisting the responsible parties and non parties in hiding the true nature of their fraud, Assisting funneling of the proceeds of fraud or other artifices to allow the fraud or schemes to occur in the first place, Assisting with the long-term nature of the fraud or schemes, Failing to recognize, and to disclose to the Plaintiffs the true nature of what was occurring, Assisting some of the parties, and non parties in this Litigation; Failing to meet their professional responsibilities in banking, lending, borrowing, and financial advice functions for the Plaintiffs, Failing to check the quality of the financial and accounting data for the parties and non parties involved, Failing to verify identification, check credit history and assesses financial situation — including the income, cash reserves, equity investment, financial assets and other risk factors for the parties and non parties involved. Failing to timely identify, recognize and reveal the conduct of the responsible parties and non parties in this Litigation to Plaintiffs, Assisting with a cover-up

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 502685/2021

RECEIVED NYSCEF: 02/03/2021

scheme so that the indicia of fraud would not be apparent, Failing to reveal Defendants' conflict of interests, Instructing co-conspirators and the responsible parties and non parties in this Litigation in order to further the crimes and fraud at issue therein, and Failing to timely disclose to the Plaintiffs the true nature of the fraud and crimes.

197. Upon information and belief, at all relevant times, Defendants assisted (or, alternatively, ought to have discovered and revealed to Plaintiffs) the illegal and improper activities of some of the responsible parties and non parties in this Litigation to improperly and illegally take monies from the Plaintiffs.

198. Upon information and belief, Defendants by their agents servants and employees, including but not limited to **DARSHINI DONNA MAHADEO** went so far as to hide the transactions complained of, and/or to instruct persons as to how to hide some of the transfers so as not to be noticed.

199. Upon information and belief, Defendants assisted and participated in the construction of the fraudulent artifices utilized to commit the crimes and fraud suffered by Plaintiffs.

200. Defendants had access to extensive banking, financial and personal records of Plaintiffs, and responsible parties and non parties in the Litigation, upon information and belief.

201. Accordingly, Defendants knew (or ought to have known) that their actions, which assisted tortfeasors and criminals in this Litigation, would damage the Plaintiffs herein, upon information and belief.

202. But Defendants did nothing to prevent, detect the wrongdoing or alert Plaintiffs

203. Defendants undertook, time and again, to inform the Plaintiffs of any material errors, wrongful advice and fraudulent reporting, or "misappropriation of assets" at all relevant times.

204. Defendants were paid for all of these services by the Plaintiffs, through various fees and charges.

205. Defendants breached these agreements with Plaintiffs.

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

206. As more fully described in the instant Complaint, the underlying crimes and torts resulted from the systemic criminal and tortious conduct by the **SIGNATORY BANK** and its agents servants and employees, including conduct by **DARSHINI DONNA MAHADEO** and her co-conspirators,

207. **DARSHINI DONNA MAHADEO**, a manager of the **THE SIGNATORY BANK**, with their co-conspirators, defrauded the Plaintiffs of large sums of money, facilitating and arranging illicit, wrongful loans and lines of credit, funneling funds through various accounts, all accomplished within the offices of the defendants **THE SIGNATORY BANK**, under the auspices of said BANK, the wrongful acts and omissions by **THE SIGNATORY BANK** agents servants and employees, whereby the parties and non parties would collect their portion of the fraudulently obtained monies from the Plaintiffs.

208. Defendants aided these actions, or ought to have discovered the actions.

209. **DARSHINI DONNA MAHADEO**, with the aid and efforts of various other parties (including Defendants **THE SIGNATORY BANK**, herein) constructed a fraudulent lending and borrowing scheme, and engineered to overcharge the Plaintiffs usurious interest, fees, and charges and also to swindle the Plaintiffs out of moneys which they had lent out at the direction and advice of the Defendants upon, information and belief.

210. Defendants are responsible for allowing these losses to occur or, more reprehensibly, played a role in aiding and abetting their occurrence.

### AS AND FOR A FIFTH CAUSE OF ACTION
#### (Derivative Claim for Fraud)

211. Plaintiffs repeat and re-allege each and every one of the foregoing allegations as though set forth herein at length.

212. To the extent Plaintiffs' claims against Defendants for fraud belong to the Corporate Plaintiffs, then the Individual Plaintiffs sue derivatively on behalf of the Corporate Plaintiffs.

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

213.  As a direct and proximate cause of Defendants' fraud and deceit and the facts alleged herein, Plaintiffs have been harmed in an amount to be determined at trial, as set forth below, all as the proximate result of the Defendants' fraud as set forth in this Complaint.

214.  As a direct result of Defendants' willful, reckless and/or bad faith conduct, Plaintiffs are entitled to punitive damages.

### AS AND FOR SIXTH CAUSE OF ACTION
**(Aiding & Abetting)**

215.  Plaintiffs repeat and reallege each and every one of the foregoing allegations as though set forth herein at length.

216.  By reason of the matters alleged above, Defendants, in breach of their contractual, legal and fiduciary duties and obligations owed to Plaintiffs, knowingly and willfully provided substantial assistance to the responsible parties and non parties described in this Litigation in committing the crimes and acts of fraud, breach of fiduciary duty, conversion, and misappropriation including, without limitation, by virtue of Defendants' knowing and willful participation and / or knowing and willful concealment of wrongful advice and direction, false and fraudulent documents, and related documents and transactions pertaining to the lending and borrowing, and associated acts and omissions complained of herein.

217.  Defendants provided their substantial assistance to the responsible parties and non parties, criminals and tortfeasors in this Litigation for the purposes of enticing new banking customers, earning substantial professional banking, transactional charges and other fees.

218.  By reason of the foregoing, Plaintiffs are entitled to recover damages against the Defendants as may be determined at trial, and as set forth below.

219.  Defendants were either reckless or intentional such that an award of punitive damages is proper, the amount of which a jury would be appropriate to determine.

### AS AND FOR SEVENTH CAUSE OF ACTION
**(Derivative Claim for Aiding & Abetting)**

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

220.  Plaintiffs repeat and re-allege each and every one of the foregoing allegations as though set forth herein at length.

221.  To the extent Plaintiffs' claims against Defendants for aiding and abetting liability belongs to the Corporate Plaintiffs, then the Individual Plaintiffs sue derivatively on behalf of the Corporate Plaintiffs.

222.  By reason of the foregoing, the Individual Plaintiffs, derivatively on behalf of the Corporate Plaintiffs, are entitled to damages against the Defendants as may be determined at trial, and as set forth below.

223.  Defendants were either reckless or intentional such that an award of punitive damages is proper, the amount of which a jury would be appropriate to determine.

### AS AND FOR EIGHTH CAUSE OF ACTION
### (PROFESSIONAL MALPRACTICE IN BANKING, LENDING AND FINANCIAL ADVICE)

224.  Plaintiffs repeat and re-allege each and every one of the foregoing allegations as though set forth herein at length.

225.  Defendants agreed, and were required by law, through their written contractual agreement and by their professional obligations including, without limitation, to provide honest, capable, competent, and accurate banking, lending, borrowing and related financial advice and related services to the Plaintiffs, and to exercise a due and proper level of professional care consistent with that exercised by similarly qualified professionals in the New York Metropolitan area.

226.  The conduct and actions of Defendants, as alleged in this Complaint, constitute banking malpractice and professional negligence by means of the performance of services in a manner which was and is below the level of professional care ordinarily exercised by other similarly qualified professionals, bankers, lenders and financial advisors in the New York Metropolitan area, and proximately caused damages to Plaintiffs as particularized more fully in this Complaint.

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 502685/2021

RECEIVED NYSCEF: 02/03/2021

227. By reason of such banking, lending, borrowing and financial advise services malpractice and professional negligence by Defendants, Plaintiffs have sustained damages in an amount to be determined upon trial, all as the proximate result of the professional malpractice, and professional negligence of the Defendants as set forth in this Complaint.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Derivative Claim for Professional Malpractice)

228. Plaintiffs repeat and re-allege each and every one of the foregoing allegations as though set forth herein at length.

229. To the extent Plaintiffs' claims against Defendants for malpractice and professional negligence belong to the Corporate Plaintiffs, then the Individual Plaintiffs sue derivatively on behalf of the Corporate Plaintiffs.

230. By reason of such malpractice and professional negligence by Defendants, Plaintiffs sustained damages in an amount to be determined upon trial, as set forth below, all as the proximate result of the professional malpractice and professional negligence of the Defendants as set forth in this Complaint.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Direct Claims Against Defendants for Breach of Fiduciary Duties)

231. Plaintiffs repeat and re-allege each and every one of the foregoing allegations as though set forth herein at length.

232. That by the virtue and the nature of the Plaintiffs professional and business relationship with the defendants **THE SIGNATORY BANK**, and based upon the representation of **THE BANK**, the parties were in a fiduciary relationship.

233. That the defendants owed a fiduciary duty to the Plaintiffs.

234. That the defendants **THE SIGNATORY BANK** their agents servants and employees committed acts and omissions which constituted misconduct.

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 502685/2021

RECEIVED NYSCEF: 02/03/2021

235.  That the misconduct included but was not limited to soliciting and initiating contact with the Plaintiffs for the purposes of borrowing and lending money; arranging and facilitating loans with improper parties who were neither appropriate, nor appropriately vetted or screened on behalf of the plaintiffs and the agreements were entered into at improper, wrongful and usurious terms, engaging, participating or assisting in the shuffling of funds between accounts, Participating in or assisting the responsible parties and non parties in hiding the true nature of their fraud and wrongful activities, Assisting funneling of the proceeds of fraud or other artifices to allow the fraud or schemes to occur in the first place, Assisting with the long-term nature of the fraud or schemes, failing to recognize, and to disclose to the plaintiffs the true nature of what was occurring, assisting some of the parties, and non parties in this Litigation; failing to meet their professional responsibilities in banking, lending, borrowing, and financial advice functions for the Plaintiffs, failing to check the quality of the financial and accounting data for the parties and non parties involved, failing to verify identification, check credit history and assesses financial situation — including the income, cash reserves, equity investment, financial assets and other risk factors for the parties and non parties involved. Failing to timely identify, recognize and reveal the conduct of the responsible parties and non parties in this Litigation to Plaintiffs, Assisting with a cover-up scheme so that the indicia of fraud would not be apparent, Failing to reveal Defendants' conflict of interests, Instructing co-conspirators and the responsible parties and non parties in this Litigation in order to further the crimes and fraud at issue therein, and Failing to timely disclose to the Plaintiffs the true nature of the fraud and crimes. That as a result of the SIGNATORY BANK's misconduct, wrongful acts and omissions the Plaintiffs sustained damages directly caused by the defendant's misconduct.

236.  By reason of the foregoing as well as other acts and omissions, Defendants breached their fiduciary duties owed to Plaintiffs.

237.  By reason of the foregoing, Plaintiffs have suffered damages in an amount to be determined upon trial, demand for payment of which is made hereby.

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

### AS AND FOR THE ELEVENTH CAUSE OF ACTION
#### (Derivative Claim for Breach of fiduciary Duties)

238.   Plaintiffs repeat and re-allege each and every one of the foregoing allegations as though set forth herein at length.

239.   To the extent Plaintiffs' claims against Defendants for breach of their fiduciary duties belong to the Plaintiff Corporations, then the Individual Plaintiffs sue derivatively on behalf of the Plaintiffs Corporations.

240.   By reason of the foregoing, Plaintiffs sustained damages in an amount to be determined upon trial, as set forth below, demand for which is made hereby.

### AS AND FOR A TWELTH CAUSE OF ACTION
#### (Breach of Contract)

241.   Plaintiffs repeat and re-allege each and every one of the foregoing allegations as though set forth herein at length.

242.   Defendants the **SIGNATORY BANK** and the Plaintiffs entered into contractual agreements, whereby Plaintiffs became the banking customers of the Defendants and Defendants contractually agreed, among other provisions, to provide accuracy, thoroughness, quality, integrity, and honesty of their professional services from the beginning of the professional relationship and until the occurrences described herein, which happened in 2019.

243.   That the plaintiffs had performed and fulfilled their obligations under the contractual agreement.

244.   Defendants, however, materially breached several aspects of the parties' contracts, as described above.

245.   As a direct and proximate cause of Defendants' contractual breaches and the facts alleged herein, Plaintiffs have been harmed in an amount to be determined at trial, as set forth below, all as the proximate result of the Defendants' breaches of contracts as set forth in this Complaint.

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Unjust Enrichment)

246.   Plaintiffs repeat and re-allege each and every one of the foregoing allegations as though set forth herein at length.

247.   Defendants have benefited from Plaintiffs insofar as Defendants collected substantial professional fees from Plaintiffs.

248.   Defendants' conduct is so heinous so as to be against equity and good conscience to permit the Defendants to retain Plaintiffs' funds.

249.   As a result of their actions, Defendants would be unjustly enriched if allowed to retain these fees for professional services, and therefore, Plaintiffs seek an amount to be determined at trial in recoupment of these monies.

250.   WHEREFORE, Plaintiffs demand judgment against Defendants individually, and / or derivatively on behalf of the Corporate Plaintiffs, as follows:

a)   Awarding damages against Defendants, jointly and severally, for such amounts to be determined at trial;

b)   Awarding return of all professional services fees paid to the Defendants to date by Plaintiffs, for such amounts to be determined at trial;

c)   Awarding punitive damages against the Defendants jointly and severally, for such amounts to be determined at trial  by virtue of the Defendants' willful, wanton, spiteful, egregious, and malicious conduct and activities, and by virtue of Defendants' intentional or reckless criminal-like disregard of their civil duties and responsibilities;

d)   Pre-and post-judgment interest, to the fullest extent assessable at law or in equity, on all amount of damages;

e)   Reasonable attorneys' fees, pursuant to BCL § 626 or otherwise, plus interest, costs, and expenses; and

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

f)   Such other further relief as the Court may deem just and proper.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION AGAINST ALL OF THE DEFENDANTS

### CONVERSION

251.   Plaintiff repeats and re-alleges each and every paragraph heretofore as though fully set forth herein at length

252.   Upon information and belief, the defendants have entered into a scheme and conspiracy designed to defraud the plaintiffs of their money.

253.   That all of the above named defendants took possession of the above described money and converted the money to their own use.

254.   That the plaintiff demanded the immediate return of the above mentioned money but the defendants failed and refused to, and continue to fail and refuse to return the money to the plaintiff.

255.   As such, the defendants **THE SIGNATURE BANK** are liable to the plaintiff for conversion.

256.   The aforementioned acts of the defendants were willful, wanton, intentional, illegal, malicious, oppressive and were undertaken with intent to convert money and to defraud, and thus justify the imposition of punitive damages, as set forth below

257.   That as a result of the defendants' conversion, Plaintiffs suffered the following natural, reasonable and proximate results of the conversion, with damages in an amount to be determined at trial, as set forth below, all as the proximate result of the Defendants' conversion as set forth in this Complaint.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION AGAINST ALL OF THE DEFENDANTS
### UNJUST ENRICHMENT

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

258.  Plaintiff repeats and re-alleges each and every paragraph heretofore as though fully set forth herein at length.

259.  That the named defendants herein have been jointly and severally enriched in an unspecified sum in excess of the jurisdictional limitations of all lower courts.

260.  That said sum was not earned by the defendants, and/or otherwise obtained in a manner which was unjust.

261.  That the defendants suffered no detriment, nor exchanged any promise, nor act and/or refrained from acting in any manner which would entitle them to said sum either in law and/or in equity.

262.  That said sum is and was at all times the property of the plaintiffs.

263.  That said sum has not been returned or given to plaintiff(s), though plaintiffs are justly entitled to it.

264.  That, therefore, it would be unjust for the defendants to retain said sum.

265.  That the Defendants herein both had and received money to which they are not entitled, and which rightfully belongs to the Plaintiff(s) herein.

266.  That said sum must be disgorged from the defendant(s) and given to plaintiffs to avoid injustice.

### AS AND FOR THE SIXTEENTH CAUSE OF ACTION AGAINST ALL OF THE DEFENDANTS
### ACCOUNTING

267.  Plaintiffs repeat and re-allege each and every paragraph heretofore as though fully set forth herein.

268.  All of the named defendants have wholly failed, refused, and neglected to account or pay over to plaintiff the proceeds of the damages suffered by the plaintiffs, although requested so to do by Plaintiffs.

269.  By reason of such failure, refusal, and neglect on the part of Defendants, Plaintiffs

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

have, by due and proper notice to Defendants, demanded that all of the monies, and accounts presently in defendants' possession, which had been in Defendants possession or had been received by defendants relating to the damages referred to above.

270.  Defendants have refused to turn over to Plaintiffs monies in defendants' hands, or to render any just account of the monies, and defendants have also refused to allow plaintiffs or Plaintiffs' agent to examine the books of defendants containing the entries relating to such damages, as have been described herein, and defendants have refused and still refuses to give plaintiffs information for ascertaining the facts in relation to such accounting.

271.  Defendants have or had in their possession, or under their control, money, checks, cash, accounts and notes belonging to plaintiff, but the amount of such money, cash, checks, accounts, and notes, plaintiff are unable to determine.

272.  The nature of the transactions involved is such that by reason of their complexity the amount due cannot be ascertained without an accounting.

273.  Between the date of this agreement and the commencement of this action, defendants have collected money under the agreement, the amount of which is not known to plaintiffs.

274.  On an accounting by defendants, there will be found the amount of which is not known to plaintiffs.

275.  An accounting is necessary to show the amount due to plaintiffs from Defendants, and the amount due would be shown by an accounting.

276.  Prior to the commencement of this action, plaintiff demanded of defendants an accounting for defendants' acts, and payment of the amount due under the agreement. Defendants have never rendered an accounting for the money received under the agreement, nor paid to plaintiffs any of the money defendants was obligated to pay under the written agreement.

277.  Plaintiffs demand judgment against defendants for defendants to account to

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

plaintiffs for all money and property received pursuant to the Agreement; Defendants pay plaintiffs any sum found to be due from defendants to plaintiffs and the cost the accounting as well as any resultant costs and fees and disbursements.

### AS FOR THE SEVENTEENTH CAUSE OF ACTION

278.   Plaintiff repeats paragraphs set forth above as though fully set forth herein.

279.   Defendant, acting through its managers, officers, agents and employees, was grossly negligent and recklessly indifferent in performing its duties, including its duty to supervise his agents, employees or representatives in the discharge of their duties and such actions constituted a material deviation from the customary, legal and proper practices.

280.   Defendants thereby caused the plaintiff severe financial losses.

281.   By reason of the foregoing, the plaintiff sustained actual **damages** in an amount not less than $1,000,000.00 plus interest and costs and **punitive damages** in an amount not less than $5,000,000.

### AS FOR THE EIGHTEENTH CAUSE OF ACTION

282.   Plaintiffs repeat paragraphs above as though fully set forth herein.

283.   By reason of the above unlawful acts and conduct of the defendants, plaintiff has and will sustain damages in the sum of $5,000,000, on each and every cause of action, resulting from acts and omissions described above.

284.   By reason of the unlawful, malicious and fraudulent acts and conduct of the defendants and each of them, the plaintiffs seek **punitive damages** of $5,000,000 in each cause of action

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

**WHEREFORE**, Plaintiff demands $5,000,000.00 judgment for each and every of the eighteen causes of action against the defendants, together with interest, and the costs and disbursements of this action; together with costs and disbursements of this action including but not limited to directing defendants to pay punitive and treble damages.

Dated: Brooklyn, NY
January 29, 2021

Yours, etc.

LAW OFFICES OF WILLIAM PAGER
Attorneys for Plaintiffs
RISE DEVELOPMENT PARTNERS, LLC,
RISE CAPITAL, LLC., RISE CAPITAL US,
LLC., RISE CONCRETE LLC., LAWRENCE
RAFALOVICH AND BARRY CALDWELL
203-205 Kings Highway
Brooklyn, New York 11223
718-998-1010
Our File No.: 4132

FILED: KINGS COUNTY CLERK 02/03/2021 02:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 502685/2021
RECEIVED NYSCEF: 02/03/2021

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

RISE DEVELOPMENT PARTNERS, LLC, RISE CAPITAL, LLC.,  RISE CAPITAL US, LLC.,
RISE CONCRETE LLC., LAWRENCE RAFALOVICH AND BARRY CALDWELL,

Plaintiffs,

-against-

SIGNATURE BANK, SIGNATURE FINANCIAL LLC., SIGNATURE SECURITIES
GROUP CORP., SIGNATURE PUBLIC FUNDING CORP.

Defendants.

**SUMMONS AND COMPLAINT**

**Law Offices of William Pager**
*Attorneys for Plaintiff(s)*
**203-205 Kings Highway**
**Brooklyn, New York 11223**
**Phone: 718-998-1010**
**Fax: 718-998-8046**

*PLEASE TAKE NOTICE*

That the within is a true copy of a                       entered in the office of the clerk of the within
named Court on

That a          of which the within is a true copy will be presented for settlement to the Hon.
One of the Judges of the within named Court at                       on
at 9:30 a.m.

Due and timely service of the within                       is hereby admitted

Dated:

X _____

Attorneys for